PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:22-CR-494-5 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEY-SHAUN DAVIS, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 284, 287] |

Defendant's Motion in Limine to Exclude Non Physical Evidence of Drug Weight and Request for Evidentiary Hearing (ECF No. 284) and Defendant's Motion in Limine to Exclude Evidence of Unrelated Firearm (ECF No. 287) are pending before the Court. The Government responded to both Motions in Limine (ECF Nos. 305, 307). After reviewing the parties' filings and the applicable law, the Court hereby denies Defendant's Motions in Limine.

**I.      Background**

From roughly February of 2020 to January of 2022, the Federal Bureau of Investigation conducted a Title III drug investigation that included surveilling Defendant Key-Shaun Davis, along with several others. In August of 2022, Davis was indicted for Drug Conspiracy (Count 1), Use of Communication in Furtherance of a Drug Trafficking Crime (Count 3), Distribution of Fentanyl and Tramadol (Counts 34 and 38), Distribution of Cocaine Base ("Crack") (Counts 35 and 39). See ECF No. 1. Thirteen others were included in the indictment. See ECF No. 1.

(4:22CR494-5)

Davis moves the Court to exclude evidence of drug weight.  The Government has alleged that Davis and others have sold varying weights and amounts of drugs.  Davis urges the Court to exclude any non-physical evidence of drug weight that the Government might present against him, including lay or semi-expert testimony that summarize transactions and estimate conspiracy weight pertaining to Davis.  ECF No. 284 at PageID #: 1502.  The Government contends this issue is moot and without merit because, unlike as indicted, the Government is now seeking a conviction under 21 U.S.C. § 841(b)(1)(C), which does not require the Government to prove an amount of drugs.  ECF No. 307 at PageID #: 1629.

Davis also moves to exclude evidence of a firearm.  During the investigation, the FBI intercepted a call between Davis and Co-Defendant Terrence May during which Davis told Terrence May that a gun had been stolen from Davis' house during a burglary.  ECF No. 305-1 at PageID #: 1599.  During this phone call, Davis also asks Terrence May what he should "with the stuff" because police were coming to the house to investigate the burglary, and Terrance May responds he should "[t]ake that sh*t and put it somewhere. Your car or something."  ECF No. 305-1 at PageID # 1599.  Davis argues under Federal Rule of Evidence 401 and 403 "the reference to the gun is not relevant to the charges against Davis or any other pertinent issues in this case," and the introduction of the gun is likely to cause unfair prejudice.  ECF No. 287 at PageID #: 1522.  The Government responded, contending that the firearm is "relevant to proving an intent or conspiracy to distribute drugs." ECF No. 305 at PageID #: 1596.

## II. Legal Standard

A motion in limine is "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *United States v. Walsh*, 654 F. App'x 689, 693

2

(4:22CR494-5)

(6th Cir. 2016) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). "This preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *Id*.

### III. Discussion

#### A. Non-Physical Evidence of Drug Weight

Again, Davis requests that non-physical evidence pertaining to drug weight be excluded. The Government contends this issue is moot based on a fairly recent Department of Justice Policy or, in the alternative, without merit because the government, which bears the burden of proof at trial, "is entitled to prove conspire-to drug amounts not only through laboratory reports, [it] is permitted to rely on [] 'non-physical evidence.'" ECF No. 307 at PageID # 1629.

Indeed, on December 16, 2022, the Attorney General released new guidance regarding charging, pleas, and sentencing in drug cases. *See* Memorandum from the Attorney General to all Federal Prosecutors (Dec. 16, 2022) (on file on the Department of Justice Website). This policy is particularly relevant for drug cases under Title 21 in which "mandatory minimum sentences based on drug type and quantity have resulted in disproportionately severe sentences." *See Id.* If a defendant satisfies all or some of the criteria outlined in the Memorandum, prosecutors are advised to carefully consider if a defendant should be charged with a quantity to trigger a mandatory minimum. *See Id.* Advisedly, the Memorandum cautions that the policies espoused therein are "solely for the guidance" of prosecutors and not "intended to create a substantive or procedural right or benefit, enforceable at law." *See Id.*

3

(4:22CR494-5)

In reliance on the guidance given by this DOJ policy, the Government is now seeking "Defendant's conviction—whether at trial or via a plea—under 21 U.S.C. § 841(b)(1)(C)." ECF No. 307 at PageID #: 1629. While the Government explains such a prosecution would not include evidence of drug amount, that modification is not currently before the Court. ECF No. 307 at PageID #: 1629. As it stands now, Davis has been indicted for drug offenses that require evidence of drug quantity. If the Government prevails, Davis will be subject to mandatory minimum sentences. Based on the only indictment on the docket, the evidence Davis complains of remains relevant.[1]

Davis's arguments about how the Government presents its evidence is misplaced. The Government is permitted to rely on myriad of sources to determine drug weight. Investigative agents have routinely been qualified as experts and been allowed to testify on characteristics of criminal activity and drug trafficking, including amounts of drugs. United States v. Collins, 799 F.3d 554, 575 (6th Cir. 2015) (quoting United States v. Swafford, 385 F.3d 1026, 1030 (6th Cir. 2004)); United States v. Lopez-Medina, 461 F.3d 724, 747 (6th Cir. 2006). Davis argues that lay and semi-expert testimony about drug weight should not be permitted, but Davis has not identified who those individuals testifying would be. At best Davis's argument on this point is premature. An individual may testify about drug weight and amount if they are properly qualified as an expert under Fed. R. Evid. 702 or if they have personal knowledge under Fed. R. Evid. 701.

---

[1] The Government has not filed a superseding indictment and there has been no negotiated plea agreement supplanting the current indictment.

(4:22CR494-5)

Additionally, should this case proceed to sentencing, whether after a trial or plea, and the Court must determine the drug weight, the Court may consider a variety of evidence. United States v. Armstrong, 920 F.3d 395, 399 (6th Cir. 2019) (relying on hearsay evidence from a confidential informant); United States v. Chandler, 764 F. App'x 502, 505 (6th Cir. 2019) (relying on conversion of drug proceeds to determine drug quantity).

For these reasons, Defendant's Motion to Exclude Non-Physical Evidence of Drug Weight and Request for Evidentiary Hearing is denied. Resolution of this motion does not require an evidentiary hearing, as the record, motion, and response sufficiently articulate the law and positions of the parties.

### B. Evidence of Firearm

Davis also moves to exclude evidence of a firearm under Federal Rules of Evidence 401 and 403.

Under Rule 401, evidence is relevant if "it has the tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit has provided additional guidance for Fed. R. Evid. 401, explaining "evidence may not be excluded merely because it is insufficient to prove the ultimate point for which it is being offered, so long as 'it has the slightest probative worth.'" United States v. Inzunza-Arenas, 831 F. App'x 778, 783 (6th Cir. 2020) (citing United States v. Whittington, 455 F.3d 736, 738-39 (6th Cir. 2006)).

Here, the Government seeks to introduce evidence of a firearm to aid in providing intent or a conspiracy to distribute drugs. The Sixth Circuit has continuously held that evidence of firearms is probative in drug prosecutions and relevant to proving intent or a conspiracy to

5

(4:22CR494-5)

distribute drugs. *United States v. Wheaton*, 517 F.3d 350, 364 (6th Cir. 2008); *United States v. Randolph*, No. 97-5990, 173 F.3d 857, 1999 WL 98564, at *4 (6th Cir. 1999); *United States v. Marino*, 658 F.2d 1120, 1123 (6th Cir. 1981). Davis is charged with conspiracy and drug distribution. The Government wiretapped a call during which Davis talked to Co-Defendant Terrence May, about his house being burglarized, the gun being stolen, and where to hide drugs. ECF No. 305-1 at PageID #: 1599. The Court finds that the firearm is relevant in relation to the conspiracy charge and distribution charge. Accordingly, evidence of a firearm carries probative value in this case. Therefore, under Fed. R. Evid. 401, evidence of a firearm is admissible.

Davis also argues the evidence should be excluded under Fed. R. Evid. 403. Evidence that is relevant and has probative value, the "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury." Fed. R. Evid. 403. Davis argues that reference to a gun would cause unfair prejudice, painting him "in a negative and criminal light" unrelated to the charges and it may mislead the jury. ECF No. 287 at PageID #: 1522. As explained in *United States v. Hall*, when the government is prosecuting a defendant for conspiracy to distribute drugs, it is normally not unfairly prejudicial to present evidence to the jury that links the defendant to weapons and guns. No. 22-5291, 2023 WL 4536836, at *7 (6th Cir. Apr. 10, 2023) (citing *United States v. Whyte*, 795 F. App'x 353, 361 (6th Cir. 2019)). Relying on Sixth Circuit precedent, the Court does not find that the firearm's probative value is substantially outweighed by unfair prejudice or the potential to mislead the jury. Therefore, based on the record now before the Court, the evidence of the firearm is admissible under Fed. R. Evid. 403. Resolution of this motion does not require

6

(4:22CR494-5)

an evidentiary hearing, as the record, motion, and response sufficiently articulate the law and positions of the parties.

## IV. Conclusion

Defendant's Motions in Limine to Exclude Non-Physical Evidence of Drug Weight and Request for Evidentiary Hearing (ECF No. 284) and Motion in Limine to Exclude Evidence of Unrelated Firearms (ECF No. 287) are denied.

    IT IS SO ORDERED.

| | |
|---|---|
| October 6, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |